IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41291
Summary Calendar
_____

MARY R. SHEERAN,

                                        Plaintiff-Appellant,

versus

JAMES SCHOEPNER, Chief in his official
capacity as Police Chief; CITY OF
HARLINGEN; JOE HILDRETH, in his official
capacity as police investigator,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CV-20
--------------------

September 30, 1999

Before KING, Chief Judge, and JOLLY and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Mary R. Sheeran appeals the district court's dismissal of her complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Her amended complaint named as defendants Police Chief James Schoepner, Officer Joe Hildreth, and the City of Harlingen, Texas.  She alleged that in violation of the Fourth and Fourteenth Amendments, Schoepner and Hildreth unreasonably failed to enforce a protective order she obtained in response to violence by her ex-husband.  She alleged

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the City of Harlingen inadequately trains its police officers about domestic violence and discriminatorily provides less protection to victims of domestic assaults compared to victims of other assaults.

The defendants moved to dismiss the complaint. A magistrate judge recommended that the motion to dismiss be granted. He observed that the Due Process Clause of the Fourteenth Amendment imposes no general duty on government officials to protect individual citizens from crime. He noted, however, that the Government may have an affirmative duty to protect persons with which it has a "special relationship." Because Sheeran was never involuntarily confined by the Government, the magistrate determined that no "special relationship" existed between Sheeran and the individual defendants. The magistrate recommended that Sheeran's claim against the City of Harlingen be dismissed because no due process violation could be shown.

Sheeran filed objections to the magistrate judge's recommendation. She argued that, for purposes of the Due Process Clause, a "special relationship" with the defendants had been created by the Violence Against Women Act (VAWA). The district court disagreed. After conducting a de novo review, it adopted the magistrate judge's Report and Recommendation and dismissed Sheeran's complaint.

We review de novo a district court's dismissal of a complaint. Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994). Such a dismissal will be upheld "only if it appears that no relief could be granted under any set

of facts that could be proven consistent with the allegations." Id. (citation omitted).  All well-pleaded facts are accepted as true and are viewed in the light most favorable to the plaintiff. Id.

The appellees argue that Sheeran waived her arguments by not objecting on those bases to the magistrate judge's recommendation. The appellees are mistaken.  The district court made a "de novo review of the entire file."  Appellate review is thus preserved. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (noting that the court "ordinarily will not hold that a point reviewed de novo by the district judge was not objected to before it was so reviewed by that judge").

Sheeran now argues that the district court erred in dismissing her complaint because she alleged a viable equal protection argument that she was treated differently because of her sex.  Her complaint, however, did not indicate that she was pursuing any such claim.  Although the complaint repeatedly referred to the Fourteenth Amendment and explicitly invoked the Due Process Clause, it never explicitly invoked the Equal Protection Clause.  In describing how the Fourteenth Amendment was violated, the complaint referred to the defendants' "failure to act," their "unreasonable conduct," and their "failure to intervene."  There is no argument that the defendants treated Sheeran differently from the way they treated male victims of domestic violence, just an argument that all victims of domestic violence, including her ex-husband's teenage son, received poor treatment from the defendants.

In a case involving a claim that a municipality had a policy of discouraging arrests in domestic violence cases, we noted that the Due Process Clause does not make it illegal for a state official to stand "'by and [do] nothing when suspicious circumstances dictate[] a more active role.'" McKee v. City of Rockwall, Tex., 877 F.2d 409, 413 (5th Cir. 1989) (quoting DeShaney, 489 U.S. at 203). We held that a due process claim of this type is not transformed "into an Equal Protection claim via an allegation that state officers exercised their discretion to act in one incident but not in another." McKee, 877 F.2d at 413. To raise an equal protection claim on such facts, the plaintiff must allege that a "non-arrest was the result of discrimination against a protected class." Id. at 414. Sheeran made no such allegation. No set of facts that could be proved consistent with the allegations of the complaint shows an equal protection violation. The complaint thus failed to state a claim under the Equal Protection Clause. Capital Parks, 30 F.3d at 629.

Sheeran argues that the district court improperly dismissed her due process claim. To circumvent the general rule of DeShaney, that state officials do not ordinarily have an affirmative duty to protect citizens from third parties, she argues that (i) she was in the "constructive custody" of the defendants and (ii) the defendants' failure to enforce her protective order constituted a "state-created danger." See DeShaney, 489 U.S. at 199-200 (noting an exception to the general rule "when the State takes a person into its custody and holds him there against his will").

Nowhere in the complaint did Sheeran invoke the "state-created danger" theory or argue that the defendants' conduct, such as Officer Hildreth's statement that Sheeran should never have gotten a gun, amounted to constructive custody.  Just as Sheeran failed to plead any equal protection claim in her complaint, Sheeran failed to plead the particular due process arguments she presses on appeal.  See Capital Parks, 30 F.3d at 629.

AFFIRMED.